UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARIBBEAN PRODUCE EXCHANGE, LLC<br><br>Plaintiff<br><br>Vs.<br><br>PRIORITY RORO SERVICES, INC. INSURANCE COMPANY X, Y, Z<br><br>Defendants | CIVIL NO.<br><br>RE: MARITIME COSGA |

## **VERIFIED COMPLAINT**

**NOW COMES**, plaintiff Caribbean Produce Exchange, LLC (hereinafter, "CPE"), through its undersigned attorney and very respectfully alleges and prays and follows:

I.  **JURISDICTION**

1.  This is an action in admiralty and maritime jurisdiction as hereinafter more fully appears, this Honorable Court having jurisdiction over it pursuant to 28 U.S.C. §1333, all within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.  This court has jurisdiction in this matter under the provisions of 28 U.S.C. §§1331, 1333 and 1337 as plaintiff's cause of action is to recover for loss or damage of goods carried in maritime transportation by a common carrier under a contract of carriage of goods by sea under the federal Carriage of Goods by Sea Act (COSGA); 46 U.S.C. 30701 et seq.

## II. THE PARTIES

3. Plaintiff CPE is a limited liability company organized pursuant to the laws of the Commonwealth of Puerto Rico, which is primarily dedicated to the import and sale of perishable goods under the provisions of COSGA, with primary offices located at Carr. 869, Km. 2.8 (interior), Bo. Las Palmas, Cataño, Puerto Rico 00968; mailing address: P.O. Box 367320, San Juan, Puerto Rico 00936-7320.

4. At all material times herein, plaintiff was the owner for value and ultimate consignee of a shipment of cargo consisting of agricultural commodities and/or produced purchased from Bounty Group Holding, LLC d/b/a Chestnut Hill Farms. The shipment was loaded at the Port of Santo Domingo, Dominican Republic for carriage in a refrigerated container on Voyage CF732, on board the vessel M/V CARIBBEAN FANTASY on August 16, 2016 and destined for ocean carriage to the Port of San Juan, Puerto Rico, United States and of the covering Bill of Lading No. PYRR1609835 dated August 16, 2016.

5. Priority RoRo Services, Inc. (hereinafter, "RoRo") is a corporation doing business pursuant to the laws of the Commonwealth of Puerto Rico, which assumed the obligations under the referenced bill of lading. Its principal place of business is located at Pier #15 Altos Puerto de San Juan, San Juan, Puerto Rico 00906-6592.

6. RoRo is a common carrier by water engaged in the transportation of goods by sea through regular routes between ports in the Commonwealth of Puerto Rico and ports in the United States and/or foreign countries.

7. The allegations in this Complaint are directed, in addition, to the Insurance Companies X, Y and Z, true name(s) unknown, which at all material times were and still

are corporations organized and existing under the corporate laws of the United States or of a foreign country, which issued and maintained in full force and effect, a policy of liability insurance and/or certificate of entry to RoRo and/or John Doe and/or to M/V CARIBBEAN FANTASY, covering certain risks and losses including losses or damages caused to cargo and/or merchandise transported aboard the vessel and to its owners, shippers, consignees or others interested in said shipment.

8.  Defendant RoRo is required by Law to disclose the name of those insurers in order to make the proper substitution of their names and issue summons to implead them in this timely brought action.

### III.  THE FACTS

9.  RoRo's Bill of Lading No. PYRR1609835, Booking No. 1609835 of August 16, 2016 provided for shipment to CPE of 1,500 boxes of fresh pineapple.

10.  At all material times, RoRo was the owner or bareboat charterer or manager of the M/V CARIBBEAN FANTASY.

11.  Any loss or damage suffered by the cargo object of the Complaint was caused and due to acts or omissions of the carrier, his agents, or representatives and insurance companies X, Y and Z.

12.  Plaintiff reserves the right to substitute the real name of said parties, once known, and issue summons against all insurers herein designated as Insurance Companies X, Y and Z under Puerto Rico's direct action statute on insurers and serve them with copies of said complaint.

13.  The produce was purchased at the Dominican Republic by consignee CPE, for loss value on the amount of $18,089.40.

14. Consignee also paid for the carrier's transportation of the perishable commodities its fees for the proper transportation by sea.

15. Plaintiff gave value in good faith relying upon defendant's bill of lading to have the produce shipped in a prompt and timely manner to Puerto Rico given that there were perishables and they were detailed on the bill of lading.

16. On August 16, 2016, the shipment of perishable goods was to depart from the Port of Santo Domingo upon the vessel M/V CARIBBEAN FANTASY, voyage CF732. However, the perishables were not delivered as contracted.

17. RoRo failed to ensure proper delivery of the goods by August 17, 2016 and as a result of its breach of contract and omission, caused damages to CPE. RoRo's negligence is inexcusable and it cannot contract itself out of said obligations.

18. Immediately thereafter, CPE made its official claim to RoRo, and thereafter, sent numerous other notifications and demands for payment to such defendant. See, Exhibits 1, 2, 3, 4, 5 & 6. However, RoRo has refused to pay the amount indebted to CPE and instead as a subterfuge has maintained that CPE must make its claim in the limitation of liability proceeding filed with this Court by the owner of the vessel, Baja Ferries, S.A. de CV, case number 2017-01172 consolidated with case number 16-2529. See, Exhibits 7 & 8.

19. In fact, on the same date, CPE sent its letter to RoRo reiterating its claim and demand for payment, the latter filed a claim on said cases, wherein it requested the Court to issue an order "enjoining the commencement or prosecution of any and all lawsuits of any nature or description whatsoever, in any jurisdiction….against RoRo…, except in the instant exoneration and limitation action, to recover damages for or with

respect to any loss damage, injuries or expense arising out of or connected with the fire occurred aboard the M/V Caribbean Fantasy on August 17, 2016"…. The court, to this date, has not ruled on said request made by RoRo.

20. Despite the contractual relationship existing between RoRo and CPE, RoRo in bad faith, refuses to pay the claim and is fraudulently seeking to include CPE's claim in the referenced exoneration and limitation action, despite knowing fully well it has the duty to pay CPE.

21. Pursuant to COGSA, CPE is entitled to be compensated in the fair market value of the commodity having arrived in Puerto Rico. <u>See</u>, among others, *Caribbean Produce Exchange, Inc. v. Sea Land Service, Inc.*, 415 F. Supp. 88, 95 (DPR 1976); *Holden v. SS Kendall Fish*, 395 F 2d 910 (5th Cir. 1968); *The Guanancita*, 69 F. Supp. 928 (D.C. Fla 1947); *Interstate Steel Corp. v. SS Crystal Gem*, 317 F. Sup. 112 (D.C.N.Y. 1970).

22. The fair market value of the goods, if they had arrived in good condition in Puerto Rico is an 18% increase in the purchase value of the goods from the seller in the Dominican Republic.

23. Under COGSA, CPE is also entitled to interest on the fair market value from the date of the damage, and the costs engaged in having to handle this claim. <u>See</u>, *Caribbean Produce Exchange, Inc. v. Sea Land Service, Inc*. *supra.*

24. In view of the foregoing, plaintiff is entitled to recover directly from defendant's underwriters, Insurance Company X, Y and Z, true name(s) unknown, for all the amounts and causes plead against RoRo, their respective insured defendant as herein set forth.

**IV.  REMEDIES**

25.  Plaintiff is entitled to payment of $18,089.40 for the fair market value of the lost goods upon arrival in Puerto Rico.

26.  Plaintiff is entitled to interest upon $18,089.40 from the moment the produce arrived at Puerto Rico until fully, paid at a rate no lower than CPE would have benefited from, no less than 10% compounded annual rate.

27.  Defendants owe plaintiff the attorney's fees, costs and expenses incurred by plaintiff in pursuing this action, the amounts of which are now unknown but will be alleged upon conclusion of this case, and are estimated in no less than $20,000.00. Defendant owes those amounts to plaintiff as part of its independent obligation to indemnify plaintiff for the reasonable expenses incurred in prosecuting this claim.

28.  In sum, plaintiff's demand from the defendants the due and owed sum of no less than $38,089.40.

**UNSWORN DECLARATION UNDER PENALTY OF PERJURY**

(28 U.S.C. sec. 2746)

I, Marta Candelas Rodriguez, VP of Administration & Corporate Affairs of Caribbean Produce Exchange, LLC, certify under penalty of perjury that the foregoing facts are true and correct.

Executed on: __06/01/2017__          Signature: _____

**WHEREFORE,** plaintiff CPE respectfully prays that Judgment for an amount of no less than $38,089.40 be entered against defendants herein, Priority RoRo Services,

Inc., and Insurance Companies X, Y or Z true name(s) unknown, jointly and severally, together with all costs and expenses and an award of pre-judgment interest from the time of the losses on August 17, 2016, until judgment is satisfied in full, together with such further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED.

In Guaynabo, Puerto Rico this 1st day of June, 2017.

**s/Pedro E. Ruiz Meléndez**
Pedro E. Ruiz Meléndez
USDC-PR No. 208311

Attorney for Plaintiff
Caribbean Produce Exchange, LLC
Pedro E. Ruiz Law Offices, PSC
P.O. Box 190879
San Juan, Puerto Rico 00919-0879
Telephone:   787.622.6232
Fax:               787.622.6230
E-Mail:         pruiz@ruizlawoffices.com